**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

**PEORIA DIVISION – MCLEAN COUNTY**

NICOLE D.B. SANK,
as the Collective Representative under Fair
Labor Standards Act in a Collective Action,
and as Class representative for Plaintiff's State
Law Claims

        Plaintiff,

      v.

BONAFIDE THAI
And Soungpan Missakasavake
 as an individual under FLSA and Illinois Wage
Laws
and "Sam" last name unknown as an individual
under FLSA and Illinois Wage Laws

        Defendants.

Case Number 17-CV- 1251
Judge Honorable.

Magistrate Honorable

**Plaintiff Demands Trial By Jury**

**As Per Local Rule 38.1:
Equitable relief is sought
and demand for jury trial.**

**FLSA AND IMWL COMPLAINT**

NOW COMES Plaintiff, Nicole S.B. Sank,  (Hereinafter "PLAINTIFF"), complaining

against Defendant,  Bonafide Thai, (Hereinafter referred to as "Bonafide" and/or "Defendant")

and Soungpan Missakasavake  individually under FLSA and Illinois Wage Laws and "Sam" last

name unknown individually under FLSA and Illinois Wage Laws Soungpan Missakasavake and

"Sam" are hereinafter referred to as "Individual Defendants" and in so doing states as follows:

**NATURE OF THE CASE**

1.      Plaintiff, Nicole S.B. Sank, alleges and will prove individually and on behalf of

herself and other similarly situated current, former and future employees of the Defendant,

(Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, is entitled to be paid for all hours worked and to receive minimum wage and all earned wages including Plaintiff's and Class/Collective earned tips. Additionally Plaintiff presents class/collective claims for off the clock work.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

3.     This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

4.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

5.     As per local rule RULE 40.1 – This matter is founded in Bloomington Illinois in McLean County of Illinois, this case is filed and founded in the Peoria **DIVISION of this court.**

## PARTIES

6.     Plaintiff that resides in Illinois, within the Central District of Illinois.

7.     Defendant an Illinois corporation engaged in business and with offices in this Judicial District.

8.      Bonafide Thia is a restaurant located in Bloomington, Illinois.

9.      Defendant  is engaged in an industry affecting commerce and employs more than four (4) employees and is an employer within the meaning of the FLSA.

10.      Soungpan Missakasavake is named as an individual Defendant as allowed under FLSA and Illinois Wage laws.

11.      Soungpan Missakasavake is responsible and decision-maker and/or enforcer of the decision to take Plaintiff and class/collectives tips via the 10% credit card fee deduction, thus Soungpan Missakasavake is personally liable for the owed wages.

12.      "Sam" last name unknown is named as an individual Defendant as allowed under FLSA and Illinois Wage laws.

13.      "Sam" last name unknown is the manager of the restaurant, and whose name is only known by the nick name "Sam" which is likely not his real name, but the only name Plaintiff Sank knows this person to by.

14.      "Sam" last name unknown is responsible and decision-maker and/or enforcer of the decision to take Plaintiff and class/collectives tips via the 10% credit card fee deduction, thus "Sam" last name unknown is personally liable for the owed wages.

15.      Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

16.      All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## LAW, REGULATIONS AND FACTS SUPPORTING

## CLAIMS OF PLAINTIFF AND CLASS/COLLECTIVE

17.     Defendant is a restaurant, and pays its service employees (including Plaintiff Sank) a rate of pay known as a "Tip Rate".

18.     Defendant pays Plaintiff Sank $4.95 per hour, which is less than $8.25 per hour.

19.     Defendant pays less than $8.25 per hour, via claiming and applying the tips received by the servers, to off-set the reduced rate of pay.

20.     To be allowed to maintain pay employees at a "tip rate" Defendants must fulfill ALL the requirements for tip rate pay.

21.     One of the regulations that Defendant must follow is that the employees must receive **_all_** their earned tips.

*22.*     The current federal minimum wage rate is $7.25 per hour. 29 U.S.C. § 206.

23.     An exception to the general requirement of the employer paying $7.25 per hour exists if the employer properly takes a "tip credit" allowance under § 203(m). 29 U.S.C. § 206 and § 203(m).

24.     However, the availability of the tip credit depends on a number of factors.

25.     Here the Defendants violation of these regulations is that Defendant takes from Plaintiff and Class/collective 10% of the credit card tips.

26.     Credit card processing fees/costs are typically between 2% and 5%.

27.     Here this restaurant's processing fees/costs are less than 5%.

28.      Thus the compelled deduction from the tips of 10% is far more than the amount the credit card processing companies charge.

29.     Thus Defendants are retaining from 5% to 8% of the Plaintiff and class/collective's credit card tips.

30.     By retaining any of the class/collective/Plaintiff's tips, the Defendants are violation of tip regulations.

31.     While the FLSA "tip credit" provision offers employers a cost-effective method to meet their statutory minimum wage requirements, by allowing a portion of each employee's tips to be  counted toward the employers' minimum wage obligations.

32.     According to 29 U.S.C. § 203(t), a "tipped employee" is defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."

33.     Here the Defendant Bonafide Thai is not tipped employee, as it is a non-person, business entity.

34.     Here by retaining part of the Plaintiff/class/collective tips, Bonafide Thai is not allowed or qualified to retain the tips, beyond the actual costs of the processing fees.

35.     Here the Defendant Soungpan Missakasavake is not tipped employee as she is the owner of the business/manager of the business.

36.     Here by retaining part of the Plaintiff/class/collective tips, Soungpan Missakasavake is not allowed or qualified to retain the tips, beyond the actual costs of the processing fees.

37.     Here the Defendant "Sam" is not tipped employee as she is the owner of the business/manager of the business.

38.     Here by retaining part of the Plaintiff/class/collective tips, "Sam" is not allowed or qualified to retain the tips, beyond the actual costs of the processing fees.

39.     Section 206 of the FLSA requires employers to pay all covered employees a minimum wage for each hour worked.

40.     There is one major exception to this general requirement, however – an employer may be exempted, under the FLSA, from paying tipped employees direct wages of $7.25 per hour, if the employer properly takes the "tip credit" allowance under § 203(m).

41.     Under the "tip credit" allowance, an employer is permitted to count tips received by eligible employees toward the employer's minimum wage obligations with respect to that employee, with a maximum credit claimed for each employee of $5.12 per hour. 29 C.F.R. §531.59.

42.     Thus, an employer may pay tipped employees direct wages of $2.13 per hour, as long as the employee's tips, combined with the employer's direct wages of $2.13 per hour, equal or exceed the federal minimum wage of $7.25 per hour. 29 C.F.R. §531.59.

43.     To apply the "tip credit" allowance to the wages of "tipped employees," an employer must meet three statutory requirements: (1) the employer must inform the employee of the provisions in § 203(m), and that those provisions are being claimed; (2) employees must receive at least minimum wage, when the direct wages and tips are combined; and (3) the employer must allow the employee to retain "all tips received by such employee," except, the employer can require the employee to share a reasonable amount of those tips in a valid tip pool

44.     When an employer fails to meet any of its obligations under the "tip credit," the employer forfeits all benefits thereunder, and must instead pay employees the full minimum wage of $7.25 per hour under the FLSA and $8.25 per hour under the IMWL.

45.     Thus, if the employer has paid the employees a direct rate of $2.13 per hour, the actual damages are $5.12 per hour under FLSA. *See* Wage and Hour Division Fact Sheet #15.

46.     When the requirements of the tip credit provision are violated, an employer is liable to an employee for the full minimum wage – the employer loses all benefits under § 203(m). *See Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979) (holding that employees were entitled to full minimum wage where their employer did not inform them of the tip credit and where the employees retained less than all tips paid to them); *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977) ("[Y]ou [must] precisely follow the language

of 3(m) and fully inform your employees of it . . . [otherwise] if the employer does not follow the command of the statute, he gets no credit."); *see also Melgar Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, 2015 U.S. Dist. LEXIS 93975, at *12 (D. Md. July 17, 2015) (citing *Reich v. Chez Robert. Inc.*, 28 F.3d 401, 404 (3d Cir. 1994), and *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992)

47.     When an employer is found to be in violation of 29 U.S.C. § 203(m) by virtue of an invalid tip pool, the tip credit is invalidated. As a result, employees are owed the amount claimed as a tip credit for the applicable time period, as the unlawful tip pooling arrangement necessarily precludes allowance for taking a tip credit toward the minimum wage for employees engaged in the invalid tip pool. *See Starr v. Chicago Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 864-65 (N.D. Ill. 2014)

48.     ("If an employer improperly operates a tip pool, the employer cannot take the tip credit . . . ."); *Mould v. NJG Food Serv., Inc.*, 2014 U.S. Dist. LEXIS 84441, at *13 (D. Md. June 17, 2014) ("Therefore, where an employer implements a tip pooling arrangement that fails to meet the conditions set forth in the FLSA . . . the employer may not include tips in employees' wages for purposes of compliance with minimum wage requirements.")

49.     Here the Plaintiff and Class/Collective of employees are made to bear the cost of transaction fees when customers pay with a credit card and more.

50.     When a customer makes a purchase with a credit card at a restaurant or some other type of service-based industry, the companies involved in processing these transactions typically charge a fee.

51.     In *Myers v. The Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999), the court concluded that according to the FLSA, an employer of tipped employees is only required to allow an employee to retain "the cash proceeds of the charged tip net of liquidation expenses." In

other words, the employer is permitted to deduct the credit card transaction fee from the actual tip received, on the grounds that the amount an employee is entitled to is only equal to the net amount of the tip after such "liquidation expenses."

52.     Here Defendant deduct an amount far in excess of the net amount of the tip after such "liquidation expenses".

53.     In *Steele v. Leasing Enters.*, 826 F.3d 237 (5th Cir. 2016), an employer that took the tip credit charged tipped employees 3.25% of all credit card tips that they received. This charge slightly exceeded the actual transaction fee charges incurred by the employer – by less than 1%. The employer tried to argue that other charges, such as the company having to have cash on hand to process the credit card tips on a daily basis, justified the charge. The Fifth Circuit rejected this argument, and ultimately divested the employer of its tip credit, and awarded employees full minimum wage, since the employer unlawfully retained more than it was permissibly allowed to retain under § 203(m).

54.     Thus here the retaining of more than 1% (5% to 8%) is clearly and unquestionably a violation of the regulations and provisions which cover tip rate exemption.

### ADDITIONAL TAKING OF "TO GO"/TAKE-OUT TIPS IS ALSO NOT PERMITTED

55.     Further Defendants also retain additional tips beyond the credit card processing cost/fees.

56.     Defendants retain from the Plaintiff/class/collective, ALL the tips given by the customers for takeout orders.

57.     In the restaurant business, the customers will occasionally take food "to-go", known as take-out or to go orders.

58.     The customers will pay for the food, but also often the customers will provide a small tip beyond the food costs, typically $1-2 dollars.

59.     This $1-2 dollars is NOT for the costs of the food, rather for the service provided by the servers in taking the orders, preparing the food, and quickly responding to the customers when they arrive at the restaurant.

60.     Thus the payments made beyond the cost of the food are unquestionably for the service provided, thus are considered tips.

61.     Thus these tips are intended for the servers, who provided the service for the take-out customers, thus these "take-out tips" are wages earned and owed to the servers.

62.     The further violation of the tip rate regulations is that the Defendants retain and do not allow Plaintiff/class/collective to retain these funds. Thus the Defendants violate the tip pool regulations via retaining of the "take-out tips", and Defendants would be subject to the claims herein on this violation alone.

63.     Of interest, the "host" employees are allowed to retain the tips for take out orders, but the servers are not.

**SPECIFIC EXAMPLES OF THE RETAINED TIPS BY PLAINTIFF SANK**

64.     Plaintiff provides some specific examples of the specific amounts to illustrate the method of tip retention by Defendants.

65.     These examples provided for notice purposes only, and are NOT the only claims presented, as the Defendant has maintained these policy and procedures of tip retention for the entire 18 months of work by Plaintiff Sank for the Defendants.

66.     Further Plaintiff Sank is aware that the policy and procedure of tip retention by Defendants predates her employment, and likely occurred for more than 3 years preceding the filing of this complaint.

67.     Again for notice and illustration purposes, not to limit Plaintiff or class or collectives claims, Plaintiff Sank provides the following actual deductions:

a.On 5/25/17 Plaintiff worked for Defendants and Plaintiff earned a total 70.64 in credit card tips but Plaintiff was shorted approximately $8.07 in tips based on the 10% deductions by Defendants.

68.     On 5/26/17 Plaintiff earned $126.91 in credit card tips, but Defendants retained $14.27 in her credit card tips via its illegal deductions.

69.     On 5/30/17 Plaintiff earned a total of $35.69 in credit card tips, and Defendant retained $3.56 based on Defendants illegal deduction/retention of her tips.

70.     On 5/30/17 Plaintiff earned a total of $28.87 in credit card tips, and Defendant deducted or retained $1.89 in tips from Plaintiff.

71.     On 6/2/17 Plaintiff earned a total of $37.69 in credit card tips, and Defendant deducted retained or failed to pay $3.93 in Plaintiff's earned tips due to the credit card deduction policy.

72.     Each of these above dates Plaintiff was paid at the Tip-Rate, pay rate.

73.     Thus each and every day she should have been paid full minimum wage, not tip rate wage.

74.     Plaintiff has been paid consistently at the tip rate, during her entire working time for Defendants.

75.     Furtther the tip rate deduction policy and procedure has been enforced the entire working time for Defendants.

76.     Plaintiff was advised of the 10% credit card deduction by the owners/managers of the restaurant, however Defendants never put the policy and procedure in writing or in hand book, thus Plaintiff has records of the deductions limited by the Defendants lack of written disclosure.

77.     Defendants do not provide Plaintiff or class/collective with a written statement of wages paid, and deductions, other than the pay checks which list the totals on a pay period basis.

## OFF THE CLOCK CLAIMS

78.     Upon information and belief, Plaintiff Sank claims that she and the Collective are also owed wages for off-the-clock work time.

79.     Plaintiff claims that Defendants stop paying Plaintiff and Class/collective upon closing time of the restaurant, despite the fact that Plaintiff and class work after the closing time on many occasions.

### The FLSA Collective Action

80.     Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b), on behalf of all employees of Defendants who were, are, or will be employed by Defendants during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were paid at a "tip rate" and had deductions from their tips and/or worked off the clock.

81.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly employees employed by Defendants as defined above.

82.     Defendant is liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied payment of the minimum wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

83.     Defendants' required and permitted Plaintiffs and the FLSA Collective, to work at a tip rate but Defendants did not pay Plaintiffs and the FLSA Collective all their earned tips.

84.     Defendants' unlawful conduct has been uniform, widespread, repeated and consistent.

85.     Defendants' willful violations are especially demonstrated by their knowledge that its employees were not all their earned tips.

COUNT I

**FLSA WAGE CLAIMS**

86.     Plaintiff incorporates all prior and subsequent paragraphs herein this first count of this complaint.

87.     This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees minimum, overtime and straight-time wages..

88.     Defendant paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the FLSA; ie Defendant paid Plaintiff and Class and Collective less than the $7.50 minimum wage rate of pay.

89.     Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions.

90.     Defendant willfully disregarded those requirements, and thus violated the state and federal minimum wage and overtime laws.

91.     Chiefly, Defendant has a policy of requiring servers to pay 10.0% of their credit card sales per shift to the Defendant.

92.     Defendant claims that the 10% credit card deduction from credit card tips is to cover the costs related to the credit card companies processing fees.

93.     However, the credit card company processing fees charged to the Defendant by credit processing/card companies are far less than 10%.

94.     In fact credit card processing fees/costs charged to Defendant are between 2% and 4 %.

95.     Thus Defendant retains the difference between the fees/costs true cost of 2-4% and the 10% retained by Defendant from Plaintiff and Class/Collective.

96.     Thus Defendant retains from 8% to 6% of the credit card tips earned by Plaintiff and Class/Collective.

97.     Thus Defendant violates, via this universally applied policy, the tipshare requirements because Defendant retained additional tip proceeds beyond the actual costs associated with the credit card fees/costs.

98.     Plaintiffs also allege that Defendants failed to maintain the tip records in violation of the FLSA and Illinois Wage laws.

99.     Defendants only records of credit card tip amounts were maintained only on an ad hoc basis, on scrap paper, which then was discarded and not maintained in violation of the FLSA record keeping requirements.

100.    Thus Defendants have no documentation, other than their 'word' that the Plaintiffs tips were paid out correctly.

101.    The burden first falls on the employee to allege and prove wage violations but, when an employer's records are inadequate, the burden of proof of proper payment of all wages shifts to the employer.

102.     Thus, when an employer's wage and hour records are unreliable, an employee claiming FSLA violations meets the required burden of proof by showing "there is a basis for a reasonable inference as to the extent of the damages".

103.     An employer who has the duty under § 11(c) of the FLSA to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed.

104.     At all times relevant hereto, Plaintiff was a "employee" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 1 IS/2. Plaintiffs were not exempt from the minimum wage and overtime provisions of the IMWL and the FLSA

105.     all times relevant hereto, Defendant was an "employer" as defined in the

IMWL, 820ILCS 105/3(c), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820ILCS 115/2.

Defendant is an company that owns and operates restaurants in the state,

and is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(l), and is an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the

FLSA. 29 U.S.C. §203(s)(l).

106.     Defendant's employees are engaged in interstate commerce and

Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of

excise taxes.

107.     During the course of their employment by Defendant, Plaintiffs handled goods,

including perishable produce and other food products, that moved in interstate commerce.

108.     In accordance with Illinois Minimum Wage Law, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendants, are employers under the definition of employer in the Illinois Minimum

Wage Law, because Individual Defendants knowingly permitted violation of the Illinois Minimum Wage Law

109.     It is alleged that Individual Defendants is an officers and agent of the Defendants who knowingly permitted such employer to violate the provisions of this Act, therefore should be deemed to be the employers of the employee of the corporation.

110.     This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *etseqs* for Defendant's failure to pay Plaintiff and the collective of tipped employees that they represent all their earned minimum wages. Plaintiff and the collective are current and former employees of Defendant who are due, and who have not been paid, minimum wages and overtime wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

111.     These claims are specifically, but limited to, claims for owed wages due to improper tip pool procedures.

112.     An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub minimum wage, equal the minimum hourly wage. IMWL, 820ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m)**.**

113.     Here, Defendant requires that servers 'tip out', or contribute 10% (10.0 percent) of their sales each shift into a tip pool. The tip pool is required to be shared with other tipped employees. However, Defendant has used tip pool proceeds for its own purposes.

114.          Defendant's practices violate the minimum wage provisions of the IWPWL and the FLSA.

115.     The books and records of Defendant are material to Plaintiff's action's they disclose certain of the hours worked by each employee and the rate of pay for that work

116.     Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions

117.     Defendant failed to maintain records of its Tip Pool and or related payments, thus violated FLSA record keeping requirements.

118.     Finally, Defendants also required Plaintiffs and other similarly situated employees to work off the clock.

119.     This policies and procedure of working off the clock was caused by the Defendants orders to the waitstaff to start 15 minutes before their "start time" but only pay waitstaff from the start time.

**WHEREFORE, Plaintiff pray for judgment against Defendant as follows:**

**A       judgment in the amount of all wages due as provided by the Illinois Minimum Wage Law**; **( the difference between the state minimum wage and the hourly wages actually paid where it required an improper tip pool)**

**B.              prejudgment interest on the back wages in accordance with 815 ILCS 20S/2 and**

**punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);**

**C.              reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;**

**D.              an injunction precluding Defendant from violating the Illinois Minimum Wage**

**Law and ordering Defendant to maintain adequate record keeping in accord with FLSA law; and**

**E.              such other and further relief as this Court deems just and proper.**

## SECOND CLAIM FOR RELIEF
### Claims for Wages
### Under Fair Labor Standards Act
### Brought as an Individual Action

### AGAINST ALL DEFENDANTS

### And
### As a Collective Action

**120.**    Plaintiffs incorporate all prior facts as part of this Count

**121.**    This count arises from Defendant's willful violation of the Fair Labor Standards Act;., for its failure to pay minimum wages to Plaintiff and Collective.

122.    Plaintiff worked as a server, and she was not exempt from the minimum wage provisions of the Fair Labor Standards Act.

123.    Plaintiff, as a tipped employee, was paid by Defendant at an hourly rate less than minimum wage.

124.    Although Defendant took a tip credit in paying hourly wages to Plaintiff, Defendant failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m).

125.    Defendant failed to permit Plaintiff to keep all tips received, in that Defendant operated an illegal tip pool, whereby tips in the tip pool were used by Defendant for purposes other than sharing tips among tipped employees.

126.    Defendant's failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiffs failure to be paid minimum wage from Defendant was a willful violation of the Act

### The FLSA Collective Action

127.    Plaintiffs brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendant who were,

are, or will be employed by Bonafide during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

128.    FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all tipped employees employed by Bonafide.

129.    Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Bonafide who have been denied the Minimum Wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records

## Bonafide Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

130.    Bonafide required and permitted Plaintiff and the FLSA Collective, to pay into the Tip Pool  but did not follow the provisions for Tip Pool.

131.    Defendant's actions are demonstrated by a number of facts however willfulness is specifically shown by the fact that Defendant required payment of tip pool but failed to pay these funds to employees entitled to those payments.

132.    Bonafide unlawful conduct has been uniform, widespread, repeated and consistent.

133.    Plaintiff and other employees are earning barely over the minimum wage, thus the Defendant's taking of employees money easily reduces the employees below the minimum wage of Illinois and under the FLSA.

134.    However, because Defendant fails to distribute pooled tips to employees, the tip pooling practice is invalid and Defendant is prohibited from crediting tips toward payment of the minimum wage

135.    Defendant relies on the "tip pooling" exception to the Fair Labor Standards Act, 19 U.S.C. § 203(m) to avoid paying Plaintiff and other similarly situated employees the minimum wage mandated by Federal law.

136.    Defendants pay Plaintiff and other employees less than the federal minimum wage, taking advantage of a tip credit, which allows Defendant to include in its calculation of wages a portion of the amounts employees receive in tips.

137.    Defendant required Plaintiff and the other employees to contribute a portion of their total gross sales during each shift to a tip pool controlled by Defendant

138.    Defendant then distributes the less than the entire tip pool among, servers, hostesses, bus boys, and other employees including some who do not customarily receive tips, including on certain occasions, cooks and/or other kitchen workers.

139.    When Defendant's employees work more than forty hours in a workweek, Defendant improperly calculates the overtime rate of pay

140.    Plaintiff, on behalf of herself and the Collective, seeks relief on a collective basis challenging Defendant's illegal tip pooling and overtime payment policy and practice.

141.    The total number and identities of the Collective members may be determined from the records of Defendant and the Collective may easily and quickly be notified of the pendency of this action.

142.    Plaintiff is similar to the Collective because she and the Collective have been required to participate in an illegal tip pooling scheme and have been unlawfully denied payment of the Federal minimum wage and overtime.

143.    Plaintiff's experience is typical of the experiences of the Collective.

144.    All potential members of the Collective, irrespective of their particular job duties, are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked.

145.    All potential members of the Collective, irrespective of their particular job duties, are entitled to same remedies as Plaintiffs.

146.    Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

147.    In addition, Plaintiff and the Collective are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.      judgment in the amount of the owed minimum wages for all time worked by Plaintiffs; ( the difference between the federal minimum wage and the hourly wages actually paid where it required an improper tip pool)

B.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendants and required to pay into a Tip Pool.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed;

C.      Restitution in the form of refund of all tip monies paid into the tip pool;

D.      liquidated damages in an amount equal to the amount of unpaid minimum wages and tip pool monies

E.      reasonable attorneys' fees and costs incurred in prosecuting: this action; and ..

D.      such other and further relief as this Court deems just and proper.


## FOUTH CLAIM FOR RELIEF

### Under the Illinois Minimum Wage Law "IMWL"

147 Plaintiff    realleges and incorporate by reference all the preceding

paragraphs, as if fully set forth herein.

148  Plaintiff is an employee of the Defendants pursuant to the IMWL.

149  Plaintiff is employed by Defendants as a salaried employee.

150  Defendants derived benefits by Plaintiff's work.

151  As a result of the foregoing, Plaintiff has been damaged in an amount to

be determined at trial.

152  Illinois law contains a three-year statute of limitations regardless of

whether the violation was willful. 820 ILCS 105/12(a).

WHEREFORE Plaintiff prays for the following Relief:

A.      Unpaid wages and liquidated damages pursuant to IMWL and the supporting
Illinois Department of Labor regulations;

B.      Liquidated damages in accordance with the IMWL 2% of the amount of any such
underpayments for each month following the date of payment during which such underpayments
remain unpaid. (820 ILCS 105/12) (from Ch. 48, par. 1012) Sec. 12. (a)

C.      Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D.      Consequential damages;

E.      Issuance of a Declaratory Judgment that the practices complained of in this
Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois
Department of Labor regulations;

F. Attorneys' fees in accordance with the IMWL;


I.      and costs of this action; and

J.    Such other relief as this Court shall deem just and proper


DATED 6/5/17


# JURY DEMAND

Plaintiff demands trial by Jury on all counts so triable.


Respectfully submitted,


By: _____/S/ John C. Ireland __

Attorney for Plaintiff and Collective

John C. Ireland
The Law Office of John C. Ireland
**Lead counsel for purposes of  RULE 11.2 DESIGNATION OF LEAD COUNSEL ON INITIAL PLEADING**

636 Spruce Street
South Elgin ILL
60177  630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137